ALLEN DAWKINS v. BOSS PHILLIPS AND WILL WATKINS.

(Filed 11 April, 1923.)

**Courts—Criminal Terms—Motions in Civil Actions—Notice—Dismissal—
Statutes.**

It is required by the provisions of our statute, C. S., 1444, that due notice be given of motions in civil actions to be heard at a criminal term of court, and where the movant has failed to give the statutory notice of his motion, and the Superior Court judge has ordered a dismissal of the action, the judgment will be reversed on appeal.

APPEAL by defendant Will Watkins from *Brock, J.,* at December Special Term of FORSYTH.

This action was tried before *Starbuck, J.,* and a jury, in Forsyth County Court at May Term, 1922, to recover damages for personal

injuries due to the negligence of Phillips in driving an automobile belonging to the defendant Watkins, and plaintiff obtained judgment. The defendant Watkins appealed to the Superior Court at November Term, 1922, of Forsyth, and the plaintiff moved to dismiss the appeal of the defendant Watkins, for that he had failed to file the undertaking required by law. The motion was continued to December Term, 1922, which was a one-week criminal term. The motion was not heard at that term, but was continued and heard before *Brock, J.,* at the December Special Term, which was ordered for criminal cases only, at which term the motion to dismiss was allowed, and the defendant appealed.

*Moses Shapiro for plaintiff.*
*John C. Wallace for Will Watkins.*

PER CURIAM. C. S., 1444, provides that at criminal terms of the court "motions for civil action may be heard upon due notice, and trials in civil actions may be heard by consent of the parties." The order to dismiss was made at a special criminal term, and without notice being given of such motion. This being a civil action, the judgment of dismissal must be
Reversed.