MRS. JOHN BECK v. LEXINGTON COCA-COLA BOTTLING COMPANY.

(Filed 13 December, 1939.)

**1. Pleadings § 23—**

The trial court has discretionary power to permit the amendment of a bill of particulars after the granting of a new trial by the Supreme Court, and ordinarily no appeal will lie from the exercise of such discretionary power, the amendment of the bill of particulars being governed by the general rules relating to the amendment of pleadings.

**2. Courts § 1a—**

The general rule is that the fact that a court of general jurisdiction has acted in the matter raises a *prima facie* presumption of rightful jurisdiction, but when the court's authority to act is limited, the converse will be presumed, and it must affirmatively appear that the court's acts are within the limited authority.

**3. Pleadings § 23—Court may permit amendment to pleadings only when it has authority to hear motions in civil actions.**

The Superior Court has authority to hear motions in civil actions at criminal terms only after due notice to the adverse party, C. S., 1443, 1444, and therefore when it does not affirmatively appear that due notice was given of plaintiff's motion to be allowed to amend, the granting of the motion at a term of court for criminal cases only will be held for error as being presumptively outside the authority of the court.

APPEAL by defendant from *Clement, J.,* at August Criminal Term, 1939, of DAVIDSON.

Civil action to recover damages for injuries resulting from alleged actionable negligence.

On former appeal to this Court a new trial was granted on account of the admission of evidence at variance with bill of particulars filed pursuant to order of court. 214 N. C., 567, 199 S. E., 924.

Thereafter, at the August Criminal Term of Superior Court of Davidson County, "upon motion of plaintiff, and for good cause shown," the court entered order permitting plaintiff to amend complaint and bill of particulars so as to conform to the evidence for the admission of which the new trial was granted.

Defendant excepted, and appeals to the Supreme Court and assigns error.

*S. E. Raper and Phillips & Bower for plaintiff, appellee.*
*Don A. Walser for defendant, appellant.*

WINBORNE, J. Defendant challenges the order of the court below permitting amendment of the complaint and bill of particulars mainly upon two grounds: (1) That the court did not have authority to permit an amendment of the bill of particulars. (2) That if the court possessed such authority, it could not be exercised at the criminal term of court in question.

With the first, we do not agree. But as to the second, upon the record on this appeal, we think the position is well taken.

(1) The amendment of bills of particulars is governed by the general rules as to amendment of pleadings. The question of allowing such amendment is ordinarily addressed to the discretion of the trial judge (49 C. J., 641—21 R. C. L., 481), from the exercise of which, nothing else appearing, there is no appeal. (2) But the court can only act in such matters at a time when it has the authority to hear motions in civil actions.

In the case in hand, the August Criminal Term of the Superior Court of Davidson County is authorized to be held for the trial of criminal cases only. The Legislature has so enacted. Public Laws 1923, ch. 169, amending Public Laws 1913, ch. 196—C. S., 1443. But the general statute, C. S., 1444, provides that "at criminal terms of court . . . motions in civil actions may be heard upon due notice . . ." McIntosh P. & P., 46; *Hatch v. R. R.,* 183 N. C., 617, 112 S. E., 529; *Dawkins v. Phillips,* 185 N. C., 608, 116 S. E., 723. However, the authority thus given is limited to motions heard after due notice to the opposition. The record here fails to show that any notice was given to defendant, unless from the fact that the court entered the order and the defendant excepted thereto it be assumed that the provisions of the statute were observed. The general rule is that "a *prima facie* presumption of rightful jurisdiction arises from the fact that a court of general jurisdiction has acted in the matter." *S. v. Adams,* 213 N. C., 243, 195 S. E., 833; *Graham v. Floyd,* 214 N. C., 77, 197 S. E., 873. Yet, where its authority to act is limited, "everything will be presumed to be without the jurisdiction which does not distinctly appear to be within it." *Truelove v. Parker,* 191 N. C., 430, 132 S. E., 295.

Therefore, since it does not affirmatively appear that notice was given as required by the statute, the judgment below is

Reversed.