DOROTHY B. LAWS v. RAYVON R. LAWS.

(Filed 15 May 1968.)

1. Trial § 1—

There is no statute or rule requiring that calendars be prepared of civil cases to be tried in the Superior or District Courts, and whether a calendar will be prepared rests in the discretion of the trial court. Rule of Practice in the Superior Court No. 22, G.S. 7A-193.

2. Same; Trial § 2—

There is no requirement that a defendant in an uncontested divorce action be given actual notice of the time of trial of the action at a criminal session of court. G.S. 7-72, G.S. 7A-190.

3. Divorce and Alimony § 1; Notice § 1—

The District Court has authority to hear an uncontested divorce action at a criminal session of court notwithstanding the case was not calendared for trial and defendant was not given actual notice of the time of trial.

4. Divorce and Alimony § 26—

To set aside a judgment of absolute divorce for irregularity or excusable neglect, the movant must show that he has a meritorious defense.

5. Divorce and Alimony § 13—

In an action for divorce on the ground of a one-year separation, a defendant waives his right to trial by jury by failing to file a request therefor prior to the call of the action for trial. G.S. 50-10.

APPEAL by defendant from Ervin, J., at the November 1967 Civil Session of CALDWELL Superior Court.

Plaintiff filed her complaint for absolute divorce based on one-year separation on 24 April 1967 in the District Court of Caldwell County. Personal service was obtained on defendant on 11 May 1967, but defendant failed to answer or to request extension of time in which to answer. Neither party requested a jury trial.

On 15 June 1967, a regular one-day session of the District Court

for the trial of criminal cases was held in Caldwell County. At the request of plaintiff's attorney, the presiding judge at said session heard plaintiff's divorce action without a jury and granted her an absolute divorce.

On 26 June 1967, defendant filed a motion in the cause asking that the judgment be set aside, contending that the action was not calendared for trial on that date and that he was not given actual notice of the trial.

The motion was heard by the District Court on 11 September 1967 and was denied. Defendant appealed to the Superior Court where his motion was heard before Ervin, J., at the November 1967 Session of Caldwell Superior Court.

Judge Ervin affirmed the District Court and dismissed defendant's appeal. Defendant appealed to this Court.

*No counsel for plaintiff appellee.*
*L. H. Wall attorney for defendant appellant.*

BRITT, J. Defendant's sole assignment of error is that Judge Ervin erred in overruling defendant's motion to set aside the judgment of divorce, affirming said judgment, and dismissing his appeal.

Defendant contends that the District Court was without authority to hear plaintiff's divorce action without (1) calendaring the same for trial, or (2) providing defendant with actual notice of the trial.

Although in most counties printed calendars of civil cases to be tried are prepared, we find nothing in the statutes or rules that make this a requirement in the trial courts. In fact, Rule 22 of the Superior Court Rules provides that "the court will reserve the right to determine whether it is necessary to make a calendar." Thus, in the Superior Court, making a calendar for the trial of civil cases appears to be discretionary rather than mandatory; G.S. 7A-193 makes the same rule apply to the District Court.

Defendant contends that G.S. 7-72 (formerly C.S. 1444) requires that motions in civil actions at criminal terms of court may be heard upon *due notice* and cites *Dawkins v. Phillips,* 185 N.C. 608, 116 S.E. 723. The cited case was determined prior to 1947 when the General Assembly amended G.S. 7-72 by adding the following sentence: "At criminal terms of court, the court is also authorized and empowered to enter consent orders and consent judgments and to try uncontested civil actions and uncontested divorce cases." The 1947 Amendment makes no provision for notice of trial in uncontested divorce cases.

The 1965 General Assembly, in creating the District Courts, provided in G.S. 7A-190 as follows:

"District courts always open. — The district courts shall be deemed always open for the disposition of matters properly cognizable by them. But all trials on the merits shall be conducted at trial sessions regularly scheduled as provided in this chapter."

Defendant admits in his brief that in a proceeding to set aside a judgment, either for irregularity or excusable neglect, the moving party must show that he has a meritorious defense. He contends that this does not apply to an action for divorce for "it is presumed as a matter of law that there is a meritorious defense, and the facts must be found by a jury under proceedings that are regular on their face."

Although G.S. 50-10 cited by defendant provides that the material facts in every complaint asking for a divorce shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, this section now provides that the right to have the facts determined by a jury shall be deemed to be waived in divorce actions based on a one-year separation as set forth in G.S. 50-5(4) or 50-6, where defendant has been personally served with summons, unless the defendant, or the plaintiff, files a request for a jury trial with the clerk of the court in which the action is pending, prior to the call of the action for trial.

The Supreme Court of our State in *Becker v. Becker,* 262 N.C. 685, 138 S.E. 2d 507, in commenting on the jury trial waiver portion of said statute, declared: "A party may waive the right to a jury trial in civil actions by failure to follow the statutory procedure to preserve such right."

We find no merit in defendant's assignment of error, and the judgment of the Superior Court is hereby

Affirmed.

CAMPBELL and MORRIS, JJ., concur.