Morris v. Morris

The order of the trial court dismissing plaintiff's action is Affirmed.

Judges VAUGHN and WEBB concur.

---

KENT B. MORRIS v. JEANE JUNKER MORRIS

No. 7926DC529

(Filed 5 February 1980)

1. **Divorce and Alimony § 5— divorce action based on separation—recrimination not defense**

   The defense of recrimination based on abandonment or indignities cannot be asserted in an action for absolute divorce on the ground of separation of the parties instituted after 31 July 1977.

2. **Divorce and Alimony § 2.4— action for absolute divorce—right to jury trial**

   The trial court erred in failing to grant defendant's request for a jury trial in an action for absolute divorce based on a one year separation of the parties where defendant's right to a jury trial was properly preserved under G.S. 1A-1, Rules 38 and 39.

APPEAL by defendant from *Saunders, Judge.* Judgment entered 7 March 1979 in District Court, MECKLENBURG County. Heard in the Court of Appeals 27 November 1979.

Plaintiff filed a verified complaint seeking absolute divorce from defendant on grounds of a one year separation of the parties. Defendant filed a verified answer in which she admitted the allegations in the complaint. As a defense and cross-action, defendant alleged abandonment by plaintiff and indignities to her person. She prayed that plaintiff's action for absolute divorce be denied and dismissed, and that she be granted a divorce from bed and board and attorney's fees. She also prayed for a jury trial on all issues. Defendant moved to strike plaintiff's answer and cross-action. In that motion, plaintiff alleged that defendant had instituted a previous action against him in Mecklenburg County for alimony, that the action had been heard and judgment rendered therein for plaintiff, that defendant had appealed from said judgment, and that the appeal was then pending in the Court of Ap-

peals. Plaintiff's motion to strike came on for hearing before Judge Saunders at the Mecklenburg Non-jury Session of District Court on 5 March 1979. Judge Saunders allowed plaintiff's motion to strike, and entered judgment for plaintiff for absolute divorce.

*Craighill, Rendleman, Clarkson, Ingle & Blythe, P.A.*, by *John R. Ingle*, for the plaintiff appellee.

*Walker, Palmer & Miller, P.A.*, by *James E. Walker and Robert P. Johnston*, for the defendant appellant.

WELLS, Judge.

Defendant brings forward two assignments of error. She contends that the trial court erred in allowing plaintiff's motion to strike her defenses to his action for an absolute divorce and in denying her a jury trial.

[1] In her answer, defendant admitted all of plaintiff's allegations necessary to obtain a divorce based on a one year separation of the parties under G.S. 50-6. Defendant argues that her allegations as to abandonment and indignities committed to her person constitute a defense to an action for absolute divorce. This argument has no merit under our present law. In 1977 the General Assembly amended G.S. 50-6. We considered the effects of that amendment in *Edwards v. Edwards*, 43 N.C. App. 296, 259 S.E. 2d 11 (1979), wherein we held that the defense of recrimination cannot be asserted in actions for absolute divorce instituted in this State after 31 July 1977. G.S. 50-6. It is clear that, as to divorces grounded on a one year separation of the parties, North Carolina is a "no-fault" jurisdiction; *i.e.*, a showing that the parties have achieved the required periods of residency and separation is all that is necessary to obtain a divorce in this State under G.S. 50-6.

[2] Defendant also argues that the trial court erred in not granting her request for jury trial in the divorce action. Prior to 1963, a verdict by a jury was required to support a judgment for absolute divorce in this State. *Wicker v. Wicker*, 255 N.C. 723, 122 S.E. 2d 703 (1961). In 1963, the General Assembly amended the statutes to allow the trial judge to find the facts in actions for divorce based on the required period of separation of the parties. 1963 N.C. Sess. Laws, ch. 540; *Becker v. Becker*, 262 N.C. 685, 138

S.E. 2d 507 (1964); *Laws v. Laws*, 1 N.C. App. 243, 161 S.E. 2d 40 (1968). In 1971, the General Assembly again amended G.S. 50-10 to provide that the right to jury trial in such actions would be deemed waived unless demanded by one of the parties as provided in the Rules of Civil Procedure, and that in actions tried without a jury, "the presiding judge shall answer the issues and render judgment thereon." 1971 N.C. Sess. Laws, ch. 17. In 1973, the statute was again amended to allow the necessary facts to be found by either a judge or a jury. The 1973 amendment included the following sentence: "The determination of whether there is to be a jury trial or a trial before the judge without a jury shall be made in accordance with G.S. 1A-1, Rules 38 and 39." 1973 N.C. Sess. Laws, ch. 460.

Thus, it is clear that although the General Assembly has seen fit over the past two decades to significantly liberalize the divorce laws of our State, to the point where "no-fault" is the established law for divorces based on the separation of the parties, there yet remains as a part of our law the requirement for a jury to determine issues of fact about which there may be no dispute simply because a defendant demands it. It is difficult to see what useful purpose is served for a defendant, in such an action as the one *sub judice*, to be able to put the opposing party and the State through the time and expense of a trial by jury. The application to G.S. 50-6 divorces of the G.S. 50-10 requirement that the factual allegations supporting the G.S. 50-6 divorce must be deemed denied requires a finding of the necessary facts. While it remains sound public policy to not allow the granting of such divorces on the pleadings, it would, nevertheless, appear that it would make good jurisprudential sense to clearly remove G.S. 50-6 divorces from the more cumbersome jury procedure and provide that all such cases be heard by the judge without a jury.

As for the instant case, we are bound under the present law to hold that the trial court erred in failing to grant defendant's request for a trial by jury, since her right was properly preserved under G.S. 1A-1, Rules 38 and 39. *Edwards v. Edwards*, 42 N.C. App. 301, 256 S.E. 2d 728 (1979).

We affirm the order of the trial court striking defendant's further answer and defense and cross-action, but for the trial

court's failure to grant her request for a jury trial, there must be a new trial.

Affirmed in part, reversed and remanded in part.

Judges HEDRICK and MARTIN (Robert M.) concur.