Pettus v. Pettus

JOHN BEN PETTUS v. MARIE GERRY PETTUS

No. 8221DC559

(Filed 3 May 1983)

**Divorce and Alimony § 2.4— absolute divorce action—jury trial demanded—necessity for jury trial**

The trial court erred in entering a judgment of absolute divorce without affording defendant a trial by jury where defendant demanded a jury trial in her answer and did not at any time waive her right to a trial by jury. G.S. 50-10.

APPEAL by defendant from *Harrill, Judge.* Order entered 12 March 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 18 April 1983.

*No counsel for plaintiff, appellee.*

*Billings, Burns & Wells, by R. Michael Wells for the defendant, appellant.*

HEDRICK, Judge.

The only question presented by this appeal is whether the trial court erred in denying the defendant's motion, under N.C. Gen. Stat. § 1A-1, Rule 60(b), to set aside the judgment of absolute divorce entered on 15 February 1982. The defendant argues the Court was without authority to enter a judgment of absolute divorce because she at all times demanded a trial by jury, pursuant to N.C. Gen. Stat. § 1A-1, Rules 38 and 39, and that she had not waived at any time her right to trial by jury. We agree.

In her answer to plaintiff's complaint seeking a divorce based on one year's separation, the defendant demanded a trial by jury. On 15 February 1982 Judge Keiger entered a judgment of absolute divorce without affording defendant a trial by jury. On 17 February 1982 the defendant moved, pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b), to have the judgment of absolute divorce set aside. Judge Harrill denied this motion on 12 March 1982, and the defendant appealed.

Our decision is controlled by N.C. Gen. Stat. § 50-10 and *Edwards v. Edwards,* 42 N.C. App. 301, 256 S.E. 2d 728 (1979). The

judgment must be vacated and the cause will be remanded to the District Court for a trial by jury.

Vacated and remanded.

Chief Judge VAUGHN and Judge ARNOLD concur.