DAVIS, Judge.
 

 *368
 
 In this appeal, we consider the validity of an order granting a party's motion for summary judgment on a claim to annul a marriage. Rebecca Hill ("Plaintiff"), in her capacity as the personal representative of the estate of Carlyle Herbert Hill, III ("Hill"), sought to annul Hill's marriage to Linda Durrett, arguing that the marriage was invalid because the officiant - a minister ordained by the Universal Life Church - was not legally authorized to perform a wedding ceremony in North Carolina. Because North Carolina law does not permit a judgment of annulment to be entered by means of a summary judgment, we vacate the trial court's order.
 

 Factual and Procedural Background
 

 Hill and Durrett took part in a wedding ceremony on 6 June 2015. The ceremony was officiated by Deborah Plante, who had received a Certificate of Ministry from the Universal Life Church on 20 July 2008. The parties separated on 17 August 2016.
 

 One day after the separation, Hill filed a complaint in Mecklenburg County District Court asserting claims for divorce from bed and board and equitable distribution. The complaint alleged that the parties were married on 6 June 2015. On 24 January 2017, however, Hill filed an amended complaint requesting an annulment of the marriage. In this complaint, he asserted that his marriage to Durrett was, in fact, void
 
 ab initio
 
 because Plante "is not a magistrate, an ordained minister in a religious denomination or a minister authorized to perform weddings." Based on this assertion, the complaint alleged that Hill was entitled to an annulment under North Carolina law.
 

 Hill died on 29 April 2017. Plaintiff was substituted as a party to the action by means of a consent order entered by the trial court on 14 July 2017.
 

 On 27 September 2017, Plaintiff filed a motion captioned "Plaintiff's Motion For Summary Judgment." The motion stated as follows:
 

 NOW COMES PLAINTIFF, through the undersigned, who respectfully moves the court for an order granting an absolute divorce by summary judgment under Rule 56 of the North Carolina Rules of Civil Procedure because the
 
 *369
 
 pleadings, affidavits and exhibits of record in this action show that there is no genuine issue of material fact and plaintiff is entitled to judgment granting an annulment and declaring the marriage of Carlyle Herbert Hill, III and Linda Durrett void
 
 ab initio
 
 .
 

 WHEREFORE, Plaintiff respectfully requests that the Court enter summary judgment granting an annulment and grant to
 
 *472
 
 Plaintiff such other relief as seems just and proper.
 

 Plaintiff's motion for summary judgment was heard before the Honorable Kimberly Best-Staton on 26 October 2017. After hearing arguments from counsel with regard to an evidentiary matter, the trial court asked the attorneys for both parties whether live testimony would be received concerning the request for an annulment. The following exchange occurred:
 

 [THE COURT]: Am I anticipating any type of -- I'm assuming I'm -- there should -- there's going to be testimony. Yes?
 

 [DEFENSE COUNSEL]: Correct.
 

 [THE COURT]: All right. If I could have everyone who may testify, if you could stand, place your left hand on the Bible and raise your right.
 

 [PLAINTIFF'S COUNSEL]: Your Honor?
 

 [THE COURT]: Yes.
 

 [PLAINTIFF'S COUNSEL]: I just want to point out that this is a motion for summary judgment.
 

 [THE COURT]: It is a motion for summary judgment?
 

 [PLAINTIFF'S COUNSEL]: Yes, it is. Yes, ma'am. And I'm -- I think live testimony is inappropriate, which is why --
 

 [THE COURT]: Okay.
 

 [PLAINTIFF'S COUNSEL]: -- we submitted --
 

 [THE COURT]: No. You all can argue on that. I -- I thought it was -- Okay, I've been told it was a motion for summary -- for a declaratory judgment. Okay. Summary judgment[.]
 

 ....
 

 *370
 
 [DEFENSE COUNSEL]: I do think that we will need some testimony.
 

 ....
 

 [THE COURT]: Well, let's go ahead and get everyone sworn in, just in case. Okay.
 

 Following this exchange, the trial court swore in two witnesses. Neither witness, however, actually testified at the hearing. Instead, the trial court proceeded to hear arguments from counsel and received into evidence an affidavit from Hill's previous attorney as well as a transcript of deposition testimony given by Plante.
 

 On 9 November 2017,
 
 [1]
 
 the trial court entered an order entitled "Judgment of Annulment" that stated, in pertinent part, as follows:
 

 THIS MATTER having come on for hearing on October 26, 2017 before the Honorable Kimberly Best-Staton during the civil non-jury session of the Mecklenburg County District Court
 
 on Plaintiff's motion for summary judgment
 
 seeking an Annulment. ... [T]he Court, having reviewed the verified pleadings, affidavits, deposition testimony of record, the law and heard the arguments of counsel,
 
 finds and concludes that there is no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law.
 

 (Emphasis added.)
 

 In its order, the trial court made findings of fact and conclusions of law in support of its ruling. Durrett gave notice of appeal to this Court.
 

 Analysis
 

 On appeal, Durrett argues that the trial court erred by (1) granting the annulment at the summary judgment stage in violation of the North Carolina General Statutes; (2) admitting into evidence an affidavit from Hill's previous attorney; and (3) determining that Hill was not estopped from claiming his marriage was void
 
 ab initio
 
 . Because we agree that the trial court erred in granting the annulment on a motion for summary
 
 *371
 
 judgment, we need not consider the additional arguments raised by Durrett.
 

 N.C. Gen. Stat. § 50-10
 
 states, in pertinent part, as follows:
 

 *473
 
 (a) ... [T]he material facts in every complaint asking
 
 for a divorce or for an annulment
 
 shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a judge or jury.
 

 ....
 

 (d) The provisions of G.S. 1A-1, Rule 56, shall be applicable to actions
 
 for absolute divorce
 
 pursuant to G.S. 50-6, for the purpose of determining whether any genuine issue of material fact remains for trial by jury, but in the event the court determines that no genuine issue of material fact remains for trial by jury, the court must find the facts as provided herein. The court may enter a judgment of
 
 absolute divorce
 
 pursuant to the procedures set forth in G.S. 1A-1, Rule 56, finding all requisite facts from nontestimonial evidence presented by affidavit, verified motion or other verified pleading.
 

 N.C. Gen. Stat. § 50-10
 
 (2017) (emphasis added).
 
 [2]
 

 As an initial matter, neither party challenges the proposition that marriages in North Carolina cannot be annulled at the summary judgment stage. Nor could such an argument be successfully made. While the amended statutory language contained in
 
 N.C. Gen. Stat. § 50-10
 
 (d) expressly allows for a judgment of absolute divorce to be granted by a trial court on summary judgment, subsection (d) makes no mention of annulment proceedings being similarly permitted at the summary judgment stage. Thus, basic principles of statutory construction mandate the conclusion that the General Assembly intended to treat annulments differently than absolute divorces in this respect.
 
 See
 

 Appalachian Materials, LLC v. Watauga Cty.
 
 , --- N.C. App. ----, ----,
 
 822 S.E.2d 57
 
 , 61 (2018) ("Under the
 
 expressio unius est exclusio alterius
 
 canon of statutory construction, the expression of one thing implies the exclusion
 
 *372
 
 of another." (citation and quotation marks omitted));
 
 see also
 

 Evans v. Diaz
 
 ,
 
 333 N.C. 774
 
 , 780,
 
 430 S.E.2d 244
 
 , 247 (1993) ("[W]hen a statute lists the situations to which it applies, it implies the exclusion of situations not contained in the list." (citation omitted)).
 

 Instead, Plaintiff argues that although her motion was denominated as a motion for summary judgment, the trial court's order nevertheless complied with the requirements of
 
 N.C. Gen. Stat. § 50-10
 
 . This is so, she contends, because "[i]n practice ... the trial court conducted a bench trial[.]" We disagree.
 

 This Court has previously addressed similar arguments. In
 
 Edwards v. Edwards,
 

 42 N.C. App. 301
 
 ,
 
 256 S.E.2d 728
 
 (1979), a case decided under the prior version of
 
 N.C. Gen. Stat. § 50-10
 
 , the plaintiff filed a motion for summary judgment in connection with his request for a divorce.
 

 Id.
 

 at 302
 
 ,
 
 256 S.E.2d at 729
 
 . At the hearing on the motion, the plaintiff "testified on direct and cross-examination and presented the testimony of a corroborating witness to prove the facts alleged in the complaint."
 

 Id.
 

 Following the hearing, the trial court entered an order granting the plaintiff's motion for summary judgment for an absolute divorce.
 

 Id.
 

 On appeal, this Court observed "that a summary judgment may not be entered granting an absolute divorce in this State" pursuant to
 
 N.C. Gen. Stat. § 50-10
 
 and that "if such a decree had been entered in this case, it would have been error."
 

 Id.
 

 at 306-07
 
 ,
 
 256 S.E.2d at 731-32
 
 . Nevertheless, we held that the judgment entered by the trial court was not, in fact, a summary judgment.
 

 Examination of the record reveals, however, that although plaintiff moved for a summary judgment and the court at one point seemed to indicate that it was allowing the motion, what actually occurred was that the court heard the testimony of witnesses, who were subject to cross-examination by defendant's counsel, and after hearing this evidence and on the basis thereof, the court found the facts as required by G.S. 50-10. Thus, the judgment entered in this case was not a summary judgment but was
 
 *474
 
 one rendered by the court after making appropriate findings of fact.
 

 Id.
 
 at 307,
 
 256 S.E.2d at 732
 
 .
 

 In
 
 Hawkins ex rel. Thompson v. Hawkins
 
 ,
 
 192 N.C. App. 248
 
 ,
 
 664 S.E.2d 616
 
 (2008), the trial court granted an annulment by means of a
 
 *373
 
 default judgment.
 
 Id.
 
 at 250,
 
 664 S.E.2d at 617
 
 . On appeal, the defendant argued that "the trial court lacked the authority to enter a judgment of annulment by default under
 
 N.C. Gen. Stat. § 50-10
 
 [.]"
 

 Id.
 

 at 250
 
 ,
 
 664 S.E.2d at 618
 
 .
 

 This Court began its analysis with the observation that "Defendant is correct that a judgment for annulment cannot be entered by default."
 
 Id.
 
 at 251,
 
 664 S.E.2d at 618
 
 . We then stated the following with regard to the trial court's order:
 

 The order indicates that the trial court did hear testimony from witnesses, but because there is no transcript in the record on appeal, we are unable to determine if any of the testimony addressed the facts supporting the annulment. Even if there were such testimony, the trial court expressly based all of its findings relevant to the annulment upon the allegations of the complaint, ... ignoring the fact that
 
 N.C. Gen. Stat. § 50-10
 
 (a) requires that the allegations of the complaint are deemed to be denied even in the absence of an answer.
 

 Id.
 

 at 252
 
 ,
 
 664 S.E.2d at 619
 
 (quotation marks omitted). We further stated that the trial court lacked jurisdiction to grant the annulment because it "did not find from the evidence any material facts regarding the annulment claim upon which it could grant the relief sought by plaintiff."
 
 Id.
 
 at 253,
 
 664 S.E.2d at 619
 
 .
 

 In the present case, Plaintiff filed a motion on 27 September 2017 that was expressly denominated "Plaintiff's Motion for Summary Judgment." The motion stated that Plaintiff was entitled to summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure "because the pleadings, affidavits and exhibits of record in this action show that there is no genuine issue of material fact and plaintiff is entitled to judgment granting an annulment[.]" On that same date, Plaintiff served Durrett's counsel with a notice of hearing stating as follows:
 

 PLEASE TAKE NOTICE that Plaintiff will bring its Motion for Summary Judgment in this matter before the Mecklenburg County District Court ... on the 26th day of October, 2017 at 9:00 a.m., or as soon thereafter as the Court can hear it.
 

 At the 26 October 2017 hearing on Plaintiff's motion, the trial court initially stated its belief that the matter before it was a motion for a declaratory judgment. Plaintiff's counsel clarified that the matter being heard
 
 *374
 
 was instead a motion for summary judgment and argued that - for this reason - live testimony would be inappropriate. In response, the trial court acknowledged that the motion sought a summary judgment but decided to "go ahead and get everyone sworn in, just in case." Neither of the two witnesses subsequently sworn in by the trial court actually testified. Instead, the trial court heard only arguments from counsel and received into evidence an affidavit and a deposition transcript.
 

 Based on our thorough review of the record, we conclude that the trial court's ruling was, in fact, a summary judgment and therefore was not authorized under
 
 N.C. Gen. Stat. § 50-10
 
 . While
 
 Edwards
 
 can perhaps be viewed as a willingness by our Court to relax the distinction between a summary judgment proceeding and a bench trial based on the specific circumstances at issue in that case, we are unwilling to do so in the scenario currently before us.
 

 Here, the request for an annulment was expressly contained in a motion for summary judgment. Notice was given to the opposing party of an upcoming summary judgment hearing. At the hearing, the trial court was reminded that the parties were present for a summary judgment motion and proceeded to acknowledge that fact. The evidence ultimately considered by the court consisted solely of an affidavit and a deposition transcript. Finally, the trial court's order stated that "Plaintiff's motion for summary judgment seeking an [a]nnulment" was heard on 26 October 2017. The order also contained the legal standard applicable to motions for summary judgment by providing that "the Court ... finds and concludes that there is
 
 *475
 
 no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law."
 

 Thus, the proceedings in this case possessed virtually all of the hallmarks of summary judgment. "To paraphrase a popular expression: if it looks like [summary judgment], walks like [summary judgment], and quacks like [summary judgment], it is reasonable to infer that it is [summary judgment]."
 
 State v. Maag
 
 , 3d Dist. Hancock No. 5-03-32,
 
 2005-Ohio-3761
 
 ,
 
 2005 WL 1712898
 
 , at *11.
 

 For these reasons, we conclude that the trial court's 9 November 2017 order was an order granting an annulment by means of summary judgment in violation of
 
 N.C. Gen. Stat. § 50-10
 
 . Accordingly, we are compelled to vacate the trial court's order.
 

 * * *
 

 We take this opportunity to remind the bench and bar that summary judgments and trials are separate and distinct proceedings that apply
 
 *375
 
 in different circumstances under our Rules of Civil Procedure, and the meaningful distinctions that exist between them should not be blurred. While we recognize that family law cases under Chapter 50 often require the presiding judge to serve as the finder of fact, the North Carolina Rules of Civil Procedure remain applicable to such cases absent the existence of statutes establishing a different procedure.
 
 [3]
 

 Conclusion
 

 For the reasons stated above, we vacate the trial court's 9 November 2017 order and remand to the trial court for further proceedings not inconsistent with this opinion.
 

 VACATED AND REMANDED.
 

 Judges BRYANT and INMAN concur.
 

 [1]
 

 It appears that the trial court originally entered its order on 3 November 2017 and then - for reasons that are not disclosed in the record - issued a subsequent order on 9 November 2017 that was substantively identical to the order entered on 3 November. Durrett's notice of appeal referenced both orders. For clarity, we refer to the order being appealed as the 9 November order.
 

 [2]
 

 The prior version of
 
 N.C. Gen. Stat. § 50-10
 
 did not include subsection (d). The statute was amended in 1991 to include this subsection. 1991 N.C. Sess. Laws ch. 568, § 50-10.
 

 [3]
 

 In light of our holding, we express no opinion on the substantive issues addressed in the trial court's order.