HUBERT QUICK v. HIGH POINT MEMORIAL HOSPITAL, INC.

(Filed 3 February 1967.)

**1. Pleadings § 34—**

A motion to strike an entire defense on the ground that the facts alleged do not constitute a proper defense, is in substance a demurrer to such defense.

**2. Appeal and Error § 3—**

An appeal lies immediately from an order sustaining a demurrer, G.S. 1-277, and likewise from an order striking an entire further defense from the answer, since such order amounts to an order sustaining a demurrer.

**3. Hospitals § 3; Dead Bodies § 1—**

In an action by a father against a hospital to recover for the unauthorized act of the hospital in incinerating the body of his son, who had been a patient in the hospital, the doctrine of charitable immunity does not apply, even in those cases arising prior to the decision in *Rabon v. Hospital*, 269 N.C. 1, since such doctrine has never been applied to those who were not beneficiaries of the charity.

APPEAL by defendant from *Riddle, S.J.*, September 12, 1966 Civil Session of GUILFORD (High Point Division).

Civil action to recover damages for alleged breach of contract.

Plaintiff alleged that on 24 September 1962 his one-month old son was carried to the defendant hospital for treatment. On 25 September 1962 the infant died as a result of congenital heart disease, bronchopneumonia, and other complications. On the following day plaintiff was informed by certain staff members and agents of the hospital that they desired to perform an autopsy on the body and that the body would be returned to the plaintiff on the next day for burial. On this condition, plaintiff consented to the autopsy.

When plaintiff returned on 27 September to accept delivery of the body, he was informed by hospital officials that the body had been incinerated and it would therefore be impossible to deliver the body to the plaintiff. Plaintiff alleged on information and belief that the doctor who performed the autopsy wrapped the body in newspaper and returned it to the morgue icebox, leaving directions for the housekeeper to have the morgue cleaned up; that the assistant housekeeper removed the body from the icebox and disposed of it in the incinerator. Plaintiff prayed for recovery in the amount of $75,000, alleging intense grief, mental agony and distress as a result of the action of the hospital.

Defendant answered and in its further answer and defense alleged, *inter alia,* "(I) The defendant hospital is a non-profit corporation operated as an eleemosynary or charitable institution. (II) The plaintiff's cause of action, although denominated as a 'breach of contract' suit, is actually a negligence action, if a cause of action is alleged at all."

Upon motion of plaintiff, Judge Walker, under date of 17 August 1965, ordered that defendant's first and second further answers be stricken and allowed the defendant twenty days within which to amend its pleadings.

Pursuant to the order, and in due time, the defendant amended its first Further Answer and Defense so as to read as follows: "(I) The defendant hospital is a non-stock, non-profit corporation and operates an eleemosynary or charitable institution. (II) Even though plaintiff's cause of action is denominated as a 'breach of contract' suit, said action is barred because the defendant hospital is a non-stock non-profit corporation, and operates as an eleemosynary or charitable institution."

Plaintiff then moved to strike paragraphs I and II of the first Further Answer and Defense as amended, and upon hearing Judge Riddle entered order 13 September 1966 striking paragraphs I and II of the first Further Answer and Defense as amended. Defendant appealed.

*Schoch, Schoch and Schoch for plaintiff.*
*Smith, Moore, Smith, Schell & Hunter for defendant.*

BRANCH, J. The sole question presented for decision on this appeal is: Did the trial court err in striking from the defendant's answer and amendment to its answer that it is an eleemosynary or charitable institution, being a non-stock, non-profit hospital corporation?

Plaintiff's motion to strike defendant's entire Further Answer and Defense on the ground that facts alleged do not constitute a proper defense to plaintiff's action is in substance a demurrer to defendant's Further Answer and Defense. G.S. 1-141, in pertinent part, provides: "The plaintiff may in all cases demur to an answer containing new matter, where, upon its face, it does not constitute a . . . defense; and he may demur to one or more of such defenses . . ., and reply to the residue." *Williams v. Hospital Asso.*, 234 N.C. 536, 67 S.E. 2d 662; *Jenkins v. Fields*, 240 N.C. 776, 83 S.E. 2d 908.

An order or judgment which *sustains* a demurrer affects a substantial right and a defendant may appeal therefrom. G.S. 1-277. Rule 4(a), Rules of Practice in the Supreme Court, 242 N.C. 766, when otherwise applicable, limits the right of immediate appeal only in instances where the demurrer is *overruled*.

The defendant's Further Answer and Defense pleaded charitable immunity.

Even before this Court held in *Rabon v. Hospital, ante* 1, that the doctrine of charitable immunity no longer applies to hospitals, the doctrine applied only to *beneficiaries of the charity*. In the case of *Cowans v. Hospitals*, 197 N.C. 41, 147 S.E. 672, the Court held that a charitable institution was liable in damages for a negligent injury inflicted by it on an employee, as distinguished from a *beneficiary of its charity, i. e.,* a patient. All the cases in this jurisdiction which have applied the doctrine of charitable immunity involve *beneficiaries of the charity*. *Williams v. Hospital*, 237 N.C. 387, 75 S.E. 2d 303; *Barden v. R. R.*, 152 N.C. 318, 67 S.E. 971; *Herndon v. Massey*, 217 N.C. 610, 8 S.E. 2d 914; *Hoke v. Glenn*, 167 N.C. 594, 83 S.E. 807.

*Williams v. Hospital, supra,* and all other cases of similar import were overruled by *Rabon v. Hospital, supra.* In the instant case, however, plaintiff was not a beneficiary of defendant's charity. The doctrine of charitable immunity therefore had no application at the time defendant's answer was filed.

The order allowing plaintiff's motion to strike is
Affirmed.