JUDY SHUMATE JENKINS v. CLARENCE RICHARD JENKINS

No. 7524DC525

(Filed 15 October 1975)

1. **Rules of Civil Procedure § 6— notice of hearing not timely — absence of prejudice**

    Defendant failed to show that he was prejudiced by the failure of plaintiff to give him five days' notice, excluding Saturday and Sunday, of a hearing for alimony *pendente lite* and child custody as required by G.S. 1A-1, Rule 6(d).

2. **Trial § 3— motion for continuance — district court — attorney in trial in superior court**

    The trial court did not abuse its discretion in the denial of a motion for continuance of a hearing for alimony *pendente lite* and child custody in the district court made on the ground that plaintiff's regular attorney was engaged in a trial in the superior court.

3. **Divorce and Alimony §§ 4, 16— alimony and child custody action while living with spouse — no condonation**

    A wife could maintain an action against her husband for alimony based on indignities and for child custody while still living in the same house with him since plaintiff did not condone the continuing indignities by remaining in the same house with defendant for a short time.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 15 April 1975 in Special Session of District Court, WATAUGA County. Heard in the Court of Appeals 19 September 1975.

This was an action for divorce from bed and board, custody of minor children, alimony and child support. Plaintiff alleged indignities and misconduct on behalf of her husband which rendered her life intolerable and burdensome. The action was instituted while plaintiff still resided in the marital home, but the evidence tended to show that immediately upon service of process the defendant locked plaintiff out of the home.

Defendant did not appear at the hearing. A member of the defendant's attorney's law firm was present and moved for a continuance on the grounds that the defendant's regular attorney was engaged in a Superior Court trial. The motion was denied.

The court heard the evidence in the absence of the defendant, after defendant was called by telephone and failed to appear, and entered the order upon which the defendant appealed.

*Eggers and Eggers, by Stacy C. Eggers III, for plaintiff appellee.*

*Wilson, Palmer and Simmons, by W. C. Palmer, for defendant appellant.*

ARNOLD, Judge.

[1]  Defendant contends that he was not given adequate notice to which he was entitled under G.S. 1A-1, Rule 6(a) and (d). Plaintiff responds that defendant was given six days' notice where the statute merely required five days' notice. G.S. 1A-1, Rule 6(d).

Where the time period is less than seven days, intermediate Saturdays and Sundays shall be excluded. G.S. 1A-1, Rule 6(a). Plaintiff committed error in computing the time. However, defendant does not have an absolute right to the notice requirement of Rule 6. Notice may be waived. Also, a new trial will not be granted for a mere technical error. It is incumbent on defendant to show he was prejudiced. See *Brandon v. Brandon,* 10 N.C. App. 457, 179 S.E. 2d 177 (1971). Defendant has not argued any prejudicial harm and we can find none.

[2]  Defendant further argues that the court erred in denying his motion for a continuance. It is a well established rule in North Carolina that the granting of a continuance is within the discretion of the trial court, and its exercise will not be reviewed in the absence of manifest abuse of discretion. *Johnson v. Johnson,* 14 N.C. App. 40, 187 S.E. 2d 420 (1972) ; *Austin v. Austin,* 12 N.C. App. 286, 183 S.E. 2d 420 (1971).

Defendant asserts that because his attorney was engaged in a trial in Superior Court that his motion for continuance should have been allowed, citing Rules of Practice for Superior and District Courts, Rule #3 (North Carolina General Statutes Volume 4A, Appendix I) as his authority. "Attorneys, under the

Frink v. Board of Transportation

guise of having business -requiring their presence elsewhere, ought not to be allowed to delay, defeat or prevent a litigant from having his case tried or being heard on a motion at some reasonably suitable and convenient time." *Austin v. Austin, supra,* at 297. The court did not abuse its discretion in denying defendant's motion for continuance.

[3] Defendant's final argument is that a wife cannot maintain an action against her husband for alimony and custody while living in the same house with him. We disagree. If defendant's .contention is correct it would mean that living under the same roof, without any evidence of sexual relations, would be condonation as a matter of law.

Plaintiff alleged that she and her minor children had no other place to go. We cannot agree with defendant that plaintiff condoned the continuing indignities complained of merely because she remained in the same house with defendant for a short period of time. For a discussion of condonation see Lee, North Carolina Family Law, Vol. 1, § 87.

After reviewing defendant's arguments we find no prejudicial error.

Affirmed.

Judges MORRIS and HEDRICK concur.