JOHN H. CUTTER III, P.A. v. WALTER W. BROOKS AND SCOTT S. CARSWELL

No. 7726SC572

(Filed 2 May 1978)

**Rules of Civil Procedure § 37— failure to appear for deposition—entry of default judgment**

There was sufficient evidence before the trial court that defendant had failed to appear for a deposition to support the court's entry of a default judgment against defendant where plaintiff's motion for sanctions clearly alleged that defendant failed to appear for the deposition, and defendant was not pres-

ent for the scheduled hearing on plaintiff's motion and offered through his attorney no denial of plaintiff's allegations and no explanation for his failure to appear for the deposition; furthermore, the trial court could properly order the default judgment without finding that defendant "wilfully" failed to appear for his deposition. G.S. 1A-1, Rule 37(d).

APPEAL by defendant Brooks from *Griffin, Judge*. Order entered 24 February 1977, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 April 1978.

Plaintiff instituted this action on 27 July 1976 to recover the sum of $10,000, plus interest, on a note executed by defendants Brooks and Carswell and duly assigned to plaintiff. After defendant Brooks filed an answer to plaintiff's complaint, plaintiff served a Notice of Taking Deposition and a subpoena on defendant Brooks. By a letter dated 1 November 1976, defendant Brooks requested that the 30 November date for the deposition be postponed until a date during the week of 20 December 1976. On 24 November 1976, the parties stipulated that the oral depositions of both Brooks and Cutter were to be taken on 22 December 1976.

On 12 January 1977, plaintiff filed a motion, pursuant to G.S. 1A-1, Rule 37, alleging that defendant Brooks failed to appear for the deposition and praying, among other things, that the court order that defendant's answer be stricken, and that a judgment by default be rendered against defendant Brooks. On that same day, the court issued an order for defendant to appear before the Court on 4 February 1977, to show cause why plaintiff's relief should not be granted.

An order was entered on 24 February 1977 in which the trial court found as fact that·"the defendant, Walter W. Brooks, has offered no sufficient reason to excuse his failure to appear for the deposition scheduled on December 22, 1976." The court also found that defendant had requested that the 4 February hearing be continued and that a continuance was, in fact, granted; that the hearing had been rescheduled for 18 February 1977; and that defendant, through his attorney, moved for a further continuance because defendant Brooks was involved in a trial in Florida. That motion was denied. As a matter of law the court then concluded that defendant Brooks had failed to appear for the scheduled depositions, and that defendant had failed to offer any "acceptable excuse" for his failure to appear. In its discretion the court

ordered, upon the facts found, that plaintiff's allegation of facts be taken as true for the purpose of this action, and that plaintiff be awarded judgment by default against defendant Brooks. Defendant Brooks appealed.

*Michael P. Carr for plaintiff appellee.*

*Mraz, Casstevens and Davis, P.A., by Kenneth R. Jacobson and Gary A. Davis for defendant appellant Brooks.*

ARNOLD, Judge.

G.S. 1A-1, Rule 37(d) reads in pertinent part:

"If a party . . . fails . . . to appear before the person who is to take his deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsection a, b, and c of sub-section (b)(2) of this rule."

We cannot accept defendant's view that the trial judge abused his discretion in ordering the entry of a default judgment against him because there was no evidence that defendant had failed to appear for his deposition. Plaintiff's Rule 37(d) motion, which was uncontroverted, clearly alleged that defendant had failed to appear for the pretrial discovery. Defendant, who had postponed the first hearing on the motion, was not present at the second scheduled hearing and, as far as the record reveals, offered, through his attorney, no denial of plaintiff's allegations, and no explanation for his failure to appear for the depositions.

Furthermore, the trial judge did not abuse his discretion by ordering the default judgment without finding that defendant Brooks had wilfully failed to appear at his deposition. The 1975 amendment to Rule 37(d) omitted the requirement that sanctions be leveled against a party who failed to respond to pretrial discovery "without good cause." The comment to Rule 37(d) states:

"The resulting flexibility as to sanctions eliminates any need to retain the requirement that the failure to appear or respond be 'willful.' The concept of 'willful failure' is at best subtle and difficult, and the cases do not supply a bright line.

Many courts have imposed sanctions without referring to willfullness. In addition, in view of the possibility of light sanctions, even a negligent failure should come within Rule 37(d)."

Whether such extreme sanctions as are authorized by Rule 37(d) should be imposed obviously must be determined from the circumstances of each case. Based upon the record before us in this appeal we do not find abuse in the trial court's exercise of discretion. (*See also Wright & Miller*, Federal Practice and Procedure: Civil § 2291.)

The order granting default judgment is, therefore,

Affirmed.

Judges MORRIS and MARTIN concur.