JOHN T. ADAIR v. MARY J. ADAIR

No. 8225DC571

(Filed 7 June 1983)

1. **Appeal and Error § 6.9— dismissal of answer and counterclaim as sanction—immediate appeal**

     A default judgment dismissing defendant's answer and counterclaim in a divorce action as a sanction for failure to appear for a deposition affected a substantial right of defendant and was immediately appealable. G.S. 1-277(a); G.S. 7A-27(d)(1).

2. **Rules of Civil Procedure § 30— failure to appear for deposition—sufficient notice—imposing sanctions before ruling on protective order motion**

     The trial court did not err in imposing sanctions on defendant for failure to appear for the taking of a deposition before specifically ruling on her motion for a protective order on the ground that she did not receive 10 days' notice of the taking of the deposition since the motion is deemed denied by the court's entry of a judgment which contained a specific finding of fact and conclusion of law that defendant had proper notice of the deposition. G.S. 1A-1, Rules 6(a) and 30(b)(1).

**3. Rules of Civil Procedure §§ 6, 37— notice of motion to impose sanctions**

Defendant was not prejudiced by the fact that she received less than five days' notice, excluding Saturday and Sunday, of a motion to impose sanctions for defendant's failure to appear for a deposition as required by G.S. 1A-1, Rule 6(d) where defendant had five days' actual notice of the hearing, and where the detailed nature of the answer and counterclaim filed by defense counsel shows that defense counsel had sufficient familiarity with defendant's position adequately to represent her interests given the notice provided.

**4. Rules of Civil Procedure § 37— failure to appear for deposition—sanction dismissing answer and counterclaim**

The trial court did not abuse its discretion in entering a default judgment dismissing defendant's answer and counterclaim in a divorce action as a sanction for defendant's failure to appear for a deposition where defendant's first motion for a protective order was cured by rescheduling the deposition in another county; defendant's second motion for a protective order and her failure to appear at the deposition were based on the frivolous ground that she was given insufficient notice of the taking of the deposition; and defendant received actual notice of five days that a hearing would be held on plaintiff's motion to impose sanctions but she failed to notify plaintiff's counsel or the court that neither she nor her attorney would attend the hearing. G.S. 1A-1, Rule 37(d).

APPEAL by defendant from *Mullinax, Judge.* Judgment entered 1 October 1981 in District Court, CATAWBA County. Heard in the Court of Appeals 19 April 1983.

This case involves an appeal by defendant-wife from a default judgment imposing sanctions by dismissing her answer and counterclaim and taxing costs against her. The action was commenced on 9 July 1981 by the filing of a complaint for an absolute divorce and the issuance of a summons. Defendant accepted service on 8 August 1981 and filed her answer and counterclaim on 8 September 1981. On 11 September 1981 plaintiff filed notice to take defendant's deposition on 21 September 1981 in Hickory, Catawba County. Defendant filed an amended answer and counterclaim on 14 September 1981 and on the following day filed a motion seeking a protective order against being deposed on the ground that defendant had no contacts and did not reside in Catawba County. Plaintiff's attorney then contacted defendant's attorney by telephone on 17 September 1981 concerning rescheduling the deposition to be taken instead in Charlotte on 28 September 1981. Written notice to take the deposition on the 28th was served upon defendant on 18 September 1981. Defendant filed a second

motion for a protective order on the ground that she had not received ten days' notice of the deposition.

On 25 September 1981 plaintiff filed a notice and motion for imposition of sanctions, expressly advising defendant that if she failed to appear at the deposition, plaintiff would move for imposition of sanctions at a hearing on 29 September 1981, or if the matter could not be reached then, on 1 October 1981. Neither defendant nor her attorney was present at the taking of the deposition. On 1 October 1981 a hearing was held upon plaintiff's motion to impose sanctions. Again, neither defendant nor her attorney was present. Defendant appeals from entry of judgment dismissing her answer and counterclaim as a sanction for failure to appear at the deposition.

*Rudisill & Brackett by J. Richardson Rudisill, Jr., for plaintiff appellee.*

*Richard H. Robertson for defendant appellant.*

BRASWELL, Judge.

[1]  The initial question which we must consider, although not addressed by either party in their briefs, is whether an appeal lies from the default judgment dismissing defendant's answer and counterclaim. If defendant has no right to appeal, we must dismiss the appeal on our own motion. *Love v. Moore,* 305 N.C. 575, 291 S.E. 2d 141, *reh. denied,* 306 N.C. 393 (1982).

The default judgment clearly determines fewer than all of the claims involved since it does not dispose of the underlying claim for an absolute divorce. An interlocutory order is appealable if it affects some substantial right claimed by the appellant and if it will work injury if not corrected before final judgment. G.S. 1-277(a) and G.S. 7A-27(d)(1); *Atkins v. Beasley,* 53 N.C. App. 33, 279 S.E. 2d 866 (1981). We believe that a "substantial right" is involved here, since the dismissal of defendant's answer and counterclaim deprived her of the assertion of affirmative defenses and counterclaims against the claims asserted by plaintiff in his complaint for absolute divorce. *See Quick v. Memorial Hospital,* 269 N.C. 450, 152 S.E. 2d 527 (1967), and *Bank v. Printing Co.,* 7 N.C. App. 359, 172 S.E. 2d 274 (1970), which held that the granting of a motion to strike answer and defense affected a substantial right and was immediately appealable.

[2] Defendant first argues in her brief that the court erred by imposing sanctions against her before considering and passing on her prior motion for a protective order. Defendant moved for a protective order on the ground that she did not receive ten days' notice of the taking of her deposition, as required by G.S. 1A-1, Rule 30(b)(1). However, the record shows that defendant was initially notified of the taking of her deposition on 11 September 1981. After the deposition was rescheduled to be taken in Charlotte, defendant's attorney had oral notice on 17 September and written notice on the following day of the 28 September deposition. Therefore, pursuant to G.S. 1A-1, Rule 6(a), excluding the day of notice, the 18th, and including the last day, the 28th, defendant received the ten days' notice required by G.S. 1A-1, Rule 30(b)(1).

The trial court did not err by failing to rule on defendant's motion for a protective order. Although the judge made no specific ruling on this motion, it is clear that defendant received the required ten days' notice and that the motion should have been denied. Although the better practice would have been for the judge to specifically rule on the motion, his failure to do so was not prejudicial to defendant. *State v. Partin,* 48 N.C. App. 274, 280, 282, 269 S.E. 2d 250, 254-55, *disc. rev. denied,* 301 N.C. 404, 273 S.E. 2d 449 (1980). The court states in the findings of fact and conclusions of law that defendant received proper ten days' notice prior to the taking of the deposition and therefore the motion must be deemed denied as if set forth in a separate order. We find no merit to this assignment of error.

[3] Defendant next argues that she was given only three days' (excluding Saturday and Sunday) notice of the hearing on plaintiff's motion to impose sanctions, in violation of the five days' notice requirement of G.S. 1A-1, Rule 6(d). The notice of hearing was filed on 25 September 1981 and informed defendant that a hearing on the motion would be held on 29 September or, if not reached on that date, on 1 October 1981. The hearing occurred on 1 October 1981. Therefore, defendant had five days' actual notice of the hearing. Defendant has brought forward no argument nor does the record reveal that she was prejudiced by virtue of the length of notice given. *Story v. Story,* 27 N.C. App. 349, 219 S.E. 2d 245 (1975); *Jenkins v. Jenkins,* 27 N.C. App. 205, 218 S.E. 2d 518 (1975). Given the detailed nature of the answer and coun-

terclaim filed in this matter, it is evident that defense counsel had sufficient familiarity with defendant's position to adequately represent her interests, given the notice provided. Instead of furnishing the court with any argument and supporting law in opposition to plaintiff's assertions at the hearing, defendant chose to rest on her contentions as to insufficiency of notice. We find no merit to defendant's argument on this assignment of error.

Defendant contends in her next assignment of error that the record and pleadings were not sufficient to support the judge's findings of fact and conclusions of law that plaintiff was entitled to have sanctions imposed against defendant. Defendant's argument concerning the findings of adequate notice has been discussed earlier in this opinion. Defendant primarily focuses her argument on the court's finding and conclusion that defendant's pleadings, considered in conjunction with her failure to appear at the deposition and the hearing on plaintiff's motion, were designed to delay, frustrate and unnecessarily prolong litigation and were frivolous. The affidavit of plaintiff's counsel, which is a part of the record, and the transcript of what occurred at the taking of the deposition show that defendant failed to appear at the deposition for which she received proper ten days' notice and for which she was subpoenaed. Her motion for a protective order based upon insufficient notice was frivolous and may have been designed to delay litigation, since a reading of Rule 6(a) plainly discloses that in computing time, the first day is excluded and the last day is included. Further, defendant failed to appear at the scheduled hearing on the motion and offered as an excuse for her failure to appear only that she had received inadequate notice of the hearing. Since she had actually received five days' notice of the hearing, her absence at the hearing was unjustified. We hold that the findings were based on competent evidence and that the findings supported the conclusions of law. *Coble v. Coble,* 300 N.C. 708, 268 S.E. 2d 185 (1980).

[4] In her final argument defendant submits that the judge abused his discretion in imposing the most severe sanctions permissible under G.S. 1A-1, Rule 37(d), and that such sanctions were not justified under the circumstances of this case. Rule 37(d) allows a judge to enter default judgment as a sanction for failure to appear for a deposition after having been given proper notice. *Imports, Inc. v. Credit Union,* 37 N.C. App. 121, 245 S.E. 2d 798

(1978). The imposition of this sanction is in the sound discretion of the trial judge. *Carpenter v. Cooke and Carpenter v. Cooke,* 58 N.C. App. 381, 293 S.E. 2d 630, *cert. denied,* 306 N.C. 740, 295 S.E. 2d 758 (1982); *Cutter v. Brooks,* 36 N.C. App. 265, 243 S.E. 2d 423 (1978). We note that the last sentence of Rule 37(d) provides that "[t]he failure to act described in this section may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)." While it is true that defendant moved for a protective order, we do not believe that the sentence quoted prevented Judge Mullinax from imposing sanctions. Defendant's first motion for a protective order was cured by rescheduling the deposition in Charlotte. In her second motion defendant's only ground presented was that the taking of the deposition put an undue burden on defendant by not giving her ten days' notice. As we have previously discussed in this opinion, defendant's motion for a protective order based upon insufficient notice was frivolous and clearly erroneous as shown by the plain language of Rule 6(a). The motion is deemed denied by entry of the judgment which contained a specific finding of fact and conclusion of law that defendant had proper notice required for the taking of the deposition.

The record discloses that defendant received proper notice of the taking of the deposition, that she never notified plaintiff's counsel she would not attend, that plaintiff's counsel and a court reporter waited over an hour for defendant to appear at the deposition, that she based her refusal to attend on a frivolous claim that notice was inadequate, that she received actual notice of five days that a hearing would be held on plaintiff's motion to impose sanctions and that she failed to notify plaintiff's counsel or the court that neither she nor her attorney would attend the hearing. Based upon these facts, we find no abuse of discretion by the trial court in the imposition of these sanctions.

To clarify the judgment below, we point out that the judgment does not dispose of the underlying action for absolute divorce. The court's ruling that the allegations contained in plaintiff's complaint are deemed admitted does not relieve plaintiff of the burden of appearing in court to prove the grounds alleged in the complaint. In North Carolina a plaintiff cannot obtain judgment by default in a divorce proceeding. A divorce will be granted only after the facts establishing a statutory ground for

divorce have been pleaded and actually proved. G.S. 50-10; *Schlagel v. Schlagel,* 253 N.C. 787, 117 S.E. 2d 790 (1961); 1 R. Lee, N.C. Family Law § 62 (4th ed. 1979).

We find that the sanctions imposed by the trial court were proper. The judgment of the trial court is

Affirmed.

Judges WEBB and WHICHARD concur.