WILLIAM H. CARRIGAN; JAMES G. GALLOWAY AND ALEXANDER H. GAL-
    LOWAY, JR., CO-EXECUTORS OF THE ESTATE OF ALEX H. GALLOWAY,
    DECEASED; EVELYN M. HORTON; JULIUS A. HOWELL; ANNE S.
    HOWELL; DONALD F. MACKINTOSH; GEORGE C. MOUNTCASTLE;
    BRANT R. SNAVELY, SR.; AND BRANT R. SNAVELY, JR., PLAINTIFFS v.
    SHENANDOAH TRANSPLANTS OF NORTH CAROLINA, INC., AND
    BLAIR M. GRAHAM, INDIVIDUALLY, DEFENDANTS, AND ROBERT G. BLAIR,
    EXECUTOR OF THE ESTATE OF TULLY D. BLAIR, GARNISHEE

No. 8421SC341

(Filed 15 January 1985)

**Rules of Civil Procedure § 37— failure to produce corporate documents—sanctions
improperly imposed**

> The trial court erred in ordering sanctions against defendants for failure
> to produce corporate documents at a deposition where plaintiffs requested the
> corporate minute book of defendant corporation and records pertaining to
> animals owned by plaintiffs and defendants, but the court in fact imposed sanc-
> tions for failure to produce documents of a Virginia corporation which were
> not encompassed within the court's order for production of documents;
> moreover, even if the minute book of the Virginia corporation were included in
> the production order, the individual defendant testified at the time of his
> deposition that all records of the corporation were destroyed in a flood in 1977.

APPEAL by defendants from *Wood and Washington, Judges.*
Judgment entered 7 November 1983; order entered 22 August
1983 in Superior Court, FORSYTH County. Heard in the Court of
Appeals 29 November 1984.

The plaintiffs brought this action 21 October 1981 for fraud
and unfair and deceptive trade practices by the defendants in the
sale of cattle to plaintiffs beginning in 1978. The defendants filed
an answer in which they denied the material allegations of the
complaint and counterclaimed for defamation and breach of con-
tract.

The plaintiffs served interrogatories on the defendants with
the complaint. The plaintiffs served a second set of inter-
rogatories and a request for the production of documents on 22
March 1982. Among the documents requested were: "The entire
corporate minute book of defendant, Shenandoah Transplants of
North Carolina, Inc." and records pertaining to animals owned by
plaintiffs and defendants. The defendants filed a motion for a pro-
tective order on 8 April 1982. On 4 May 1982 the Court denied

the defendants' motion for a protective order and ordered the defendants to answer the interrogatories and produce the documents within 30 days. On 23 June 1982 the deposition of the defendant Blair Graham was scheduled. He was served with a subpoena duces tecum to bring the business and livestock records of the corporation. He did not bring any records and the taking of the deposition was cancelled. On 21 July 1982 the plaintiff made a motion for sanctions on the ground that defendant had failed to answer the interrogatories and had failed to produce documents as ordered by the Court. On 27 July 1982 the defendants filed answers to interrogatories and stated they were unable to comply with the order to produce the corporate minute book because it had been destroyed in a flood in Virginia.

A second deposition of the defendant Graham was taken on 11 October 1982. Mr. Graham testified that he and two other people had organized Shenandoah Transplants of Virginia, Inc. in 1972 or 1973 and various investors bought cattle which were placed on the farm for breeding purposes. This corporation stayed in existence until 1975 or 1976. He testified that there were some records available as to who owned the cattle but he did not bring them to the taking of the deposition. In 1977 he changed the name of a North Carolina Corporation he owned to Shenandoah Transplants of North Carolina, Inc., and moved his business to Wayne County, North Carolina. He testified that he had some records in Goldsboro of animals purchased by Shenandoah Transplants of North Carolina, Inc., for clients which had not been furnished to the plaintiffs. He also testified there were other records of the operations in North Carolina which had not been furnished to the plaintiffs. He did not bring any of these records to the taking of the deposition. The taking of this deposition was suspended.

On 7 April 1983 the plaintiff moved a second time for sanctions on the ground that the defendants had refused to produce documents as they had been ordered to do. The plaintiffs asked that the defendants' answer and counterclaim be stricken and that a default judgment be entered against the defendants. On 24 May 1983 the Court entered an order in which it found that the defendants had refused to furnish documents as they had been ordered to do. It found that the taking of the deposition on 11 October 1982 had to be suspended because the defendant Graham did not have documents present at the taking of the deposition

which documents he should have had with him. The Court recited that defendants' counsel stated that he had three boxes of documents which the plaintiffs could examine and copy if they so desired. The Court ordered as sanctions that the defendants pay the plaintiffs' counsel fees and costs for taking the deposition. The Court ordered further that the defendants comply with the order to produce documents within ten days. On 7 June 1983 the defendants filed a response to the plaintiffs' request for interrogatories. The defendants did not pay the attorney fees and court costs as ordered by the Court until after the plaintiffs made a third motion for sanctions on 12 August 1983.

On 20 August 1983 the plaintiffs again took the deposition of the defendant Graham. At this time he testified that all records of Shenandoah Transplants of Virginia, Inc., including the corporate minute book, were destroyed in a flood in October 1977. He testified that all cattle in Virginia had been sold in December 1977, and the corporation disbanded. He also testified that a bookkeeper in Roanoke still had records of the Virginia Corporation. He also testified that the records might be in a packhouse in Goldsboro but he had not made an effort to find them because he did not think he was required to do so under the court order. He stated that he would be willing to furnish a copy of his tax return for 1975.

Following the taking of this deposition the plaintiffs made their fourth motion for sanctions. The Court found facts including a finding that the records of Shenandoah Transplants of Virginia were among the documents which were ordered produced and that the defendants were in willful and deliberate disobedience of the orders of the Court. The Court ordered that the defendants' answer, counterclaim and further defense be stricken and a default judgment be entered against the defendants. The Court also ordered the defendants to pay $1,000.00 to the plaintiffs' attorneys within thirty days. The defendants appealed.

*Hutchins, Tyndall, Doughton and Moore by Richard Tyndall and H. Lee Davis for plaintiffs appellees.*

*Hunter, Hodgman, Greene, Goodman and Donaldson by Richard M. Greene for defendants appellants.*

WEBB, Judge.

The judgment entered by Judge Wood did not dispose of the entire case and is interlocutory. It is appealable. See *Adair v. Adair*, 62 N.C. App. 493, 303 S.E. 2d 190 (1983).

In its order imposing sanctions the Court found facts as to the matters on which the three previous motions for sanctions had been based. These matters might be considered in determining what sanctions are to be imposed if there is cause to impose sanctions based on the plaintiffs' fourth motion for sanctions. The first three motions for sanctions have been determined and unless there has been action by the defendants which would authorize the imposition of sanctions since those rulings were made it was error for the Court to impose sanctions.

As we read the order the action of the defendant Blair M. Graham in not producing documents at the deposition of 20 August 1983 was the only matter considered by the Court which had not been the subject of a previous motion for sanctions. Mr. Graham did not produce and testified that he had not searched for certain records of Shenandoah Transplants of Virginia, Inc. The Court held that the records were encompassed within the order for the production of documents. If this is the case there was sufficient evidence for the Court to find that the defendants had failed to produce documents as ordered by the Court and the defendants would be subject to sanctions under G.S. 1A-1, Rule 37(b)(2)(c).

We do not believe the plaintiffs requested these documents in their request for the production of documents filed 22 March 1982. The request was for the corporate minute book of Shenandoah Transplants of North Carolina, Inc. and documents pertaining to cattle transactions occurring in 1978 and afterwards. This would not include transactions occurring while the defendants were operating Shenandoah Transplants of Virginia, Inc. Judge Martin, in overruling the defendants' motion for a protective order, ordered the defendants to produce the documents requested and the corporate minute book of Shenandoah Transplants of North Carolina, Inc., from 1 January 1975. If we assume this included the corporate minute book of Shenandoah Transplants of Virginia, Inc., this was not one of the documents which

the defendants failed to produce at the deposition taken 20 August 1983.

We do not believe the defendants failed to produce requested documents or violated Judge Martin's order after the third motion for sanctions. It was error to strike the defendants' pleadings and to enter a default judgment. Because it was error to enter this judgment it was also error to order the defendants to pay attorney fees.

The defendants also appeal from the denial of a motion to dissolve an order of attachment. The Clerk of Superior Court on 3 February 1982 ordered the attachment of the property of the defendant Blair M. Graham. Pursuant to this order the sheriff levied on the interest Blair M. Graham had in the estate of Tully D. Blair. On 13 May 1982 Mr. Graham made a motion to dissolve the attachment. On 9 July 1982 the Clerk of Superior Court denied this motion. On 20 July 1983 Mr. Graham made a motion in Superior Court to dissolve the order of attachment. He asked that the Court treat the motion in the alternative as an appeal from the order of the Clerk of Superior Court. Judge Washington ruled that the same matters were presented in the motion one year previously to the Clerk of Superior Court. He held that an appeal had not been timely made from the order of the Clerk and denied the motion. In this we find no error.

Affirmed in part; reversed and remanded in part.

Judges HEDRICK and HILL concur.

Judge HILL   concurred in the result reached in this case prior to 31 December 1984.