IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-925

Filed: 4 June 2019

Davidson County, No. 14 CVS 3289

THOMAS RAYMOND WALSH, M.D. and JAMES DASHER, M.D., Plaintiffs,

v.

CORNERSTONE HEALTH CARE, P.A., Defendant.

Appeal by defendant from order entered 21 March 2018 by Judge Jeffery K. Carpenter in Davidson County Superior Court. Heard in the Court of Appeals 13 March 2019.

*Nelson Mullins Riley & Scarborough LLP, by G. Gray Wilson and Lorin J. Lapidus, for plaintiffs-appellees.*

*Bennett Guthrie Latham, PLLC, by Rodney A. Guthrie, Roberta King Latham, and Mitchell H. Blankenship, for defendant-appellant.*

ZACHARY, Judge.

Defendant Cornerstone Health Care, P.A. appeals from the trial court's order striking Defendant's answer as a sanction for discovery violations. We vacate and remand.

**Background**

Plaintiffs Thomas Raymond Walsh, M.D. and James Dasher, M.D. filed the instant action against Defendant, their former employer, on 20 November 2014 asserting claims for breach of the implied covenant of good faith and fair dealing, breach of contract, common law unfair competition, and quantum meruit. A

protracted discovery dispute thereafter arose between the parties, which, for purposes of the instant appeal, primarily involves Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

As part of the basis of their claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs alleged that "[i]n recent years, defendant . . . became fundamentally unprofitable, and was able to pay its business debts only by arbitrarily reducing the compensation of certain disfavored physicians." Plaintiffs maintain that they were included among said group of "disfavored physicians," and that when Plaintiffs expressed dissatisfaction with their decreased compensation, Defendant retaliated by essentially demoting Plaintiffs in an effort to further reduce their compensation. On 20 September 2014, Plaintiffs voluntarily resigned from their employment with Defendant. Plaintiffs maintained that "Defendant's capricious, malicious, and retaliatory actions" constituted a breach of the implied covenant of good faith and fair dealing in their employment contracts.

Defendant served its initial response to Plaintiffs' First Set of Interrogatories and Request for Production of Documents on 4 May 2015. Interrogatory 7 directed Defendant to "[i]dentify, with specificity, all relevant documents that you or your attorney have which pertain to any issues or facts in this suit." Plaintiffs' Request 7 sought

> [a]ll statements, summaries of statements, correspondence, letters, memoranda, documents, records,

> notes, telephone logs, electronic mail, ms word documents, pdf files, or other papers, whether in written, printed, or electronic format, in your possession or control or to which you, your counsel, or representatives have access regarding or pertaining to the professional performance, competency, or personal opinions or views of either or both plaintiffs by [Defendant].

(Hereafter "professional and personal opinion documents"). Defendant objected to Request 7 on the grounds of privilege,[1] but nevertheless responded that it had nothing to produce.[2] Defendant's CEO verified under oath that the response to Request 7 was "true of her own knowledge and belief except those matters therein stated upon information and belief, and, as to those, she believe[d] them to be true."

On 26 July 2016, following the parties' fourth discovery-related motion, the Honorable Mark E. Klass entered an order requiring the parties to "confer and select . . . a qualified and capable forensic e-discovery vendor for the purpose of collecting and cataloging electronically stored communications, specifically e-mails, generated by" six of Defendant's corporate officers ("the e-discovery order"). According to Plaintiffs, when Defendant's e-discovery database became available to them in August 2017, Plaintiffs learned that Defendant had "intentionally withheld a vast number of highly relevant and damaging documents"—namely, e-mails between

---

[1] Defendant indicated that it would provide a Privilege Log in its second supplemental response.

[2] Defendant answered "none" in its first supplemental response to Plaintiffs' Request for Production 7, to which Defendant had directed Plaintiffs in its answer to Interrogatory 7, pursuant to Rule 33(c) of the North Carolina Rules of Civil Procedure.

Defendant's officers—"which squarely pertain" to Defendant's professional and personal opinions of Plaintiffs, despite the CEO having attested, under oath, that no such documents existed. Accordingly, on 21 September 2017, Plaintiffs filed a motion for mandatory sanctions "pursuant to Rule 26(g) of the North Carolina Rules of Civil Procedure." Plaintiffs maintained that "[t]he discovery responses signed and attested to under oath by [Defendant's CEO] were interposed for the improper purpose of intentionally withholding a substantial cache of damaging documents, which has served to harass plaintiffs, cause unnecessary delay, and has needlessly and exponentially increased the cost of litigation." Plaintiffs argued that "[a]t this juncture, only the severe sanction of striking [Defendant's] answer is appropriate."

Plaintiffs' motion came on for hearing on 2 October 2017. The professional and personal opinion documents that Plaintiffs alleged were responsive to Interrogatory 7 and Request 7 were presented to the trial court for *in camera* review. Plaintiffs argued:

> Rule 26(g) is cited in our brief in full. . . . [It] essentially addresses the issue of improper purpose and that is to use the discovery process for a number of different improper reasons, but in this case to use the discovery process to wear down the opponent to needlessly increase the cost of litigation so eventually the party collapses under its weight.
>
> We think that's exactly what has occurred in this case. . . . The discovery responses that were signed by the defendant's CEO, falsely, were for the clear purpose of improperly withholding a substantial number of damaging

documents pertaining again to our claims for breach of implied covenant of good faith and fair dealing.

. . . .

They denied the existence of these documents under oath twice . . . .

. . . .

So what we say essentially is this; the defendant's discovery misconduct is one of the most egregious examples that a Court will find to justify severe sanctions of striking their answer; otherwise, this pattern of false swearing of recalcitrants in discovery, it goes unpunished. That's why wisely Rule 26(g) was placed into effect in this jurisdiction . . . .

In response, Defendant argued that it did not produce the e-mails that Plaintiffs presented for *in camera* review because they were neither relevant nor responsive to Interrogatory 7 or Request 7, in that they "have nothing to do, there's nothing regarding the professional competence of these doctors as surgeons. . . . We commend those [e-mails] to your reading . . . . That will shed a lot of light on why we did not consider those to be relevant and responsive to any issue in the case." "[N]evertheless," Defendant noted, "they have now been produced."

On 21 March 2018, more than five months after the hearing, the trial court entered its order, finding that Plaintiffs' motion was filed "specifically for failure to supplement as required under Rule 26(e) of the N.C. Rules of Civil Procedure." The trial court found that the documents that Plaintiffs presented for *in camera* review

were both relevant and responsive to Interrogatory 7 and Request 7,[3] and concluded that "Defendant's failure to appropriately supplement its responses to the discovery requests of the Plaintiffs [under Rule 26(e)] justifies the imposition of sanctions." The trial court further concluded that "no lesser sanction than" striking Defendant's answer "would be effective in correcting the Defendant's conduct." Accordingly, the trial court struck Defendant's answer, leaving only the issue of damages remaining for consideration. Defendant filed written notice of appeal on 20 April 2018.

On appeal, Defendant argues, *inter alia*, that "the facts on which" the trial court granted Plaintiffs' motion to strike Defendant's answer were "so clearly erroneous" that the resulting sanctions constituted an abuse of discretion. We agree with Defendant that the order should be vacated on this ground, and therefore we need not address Defendant's remaining challenges.

**Grounds for Appellate Review**

Although Defendant's appeal is interlocutory, Defendant nevertheless maintains that it is entitled to an immediate appeal from the trial court's order because it affects a substantial right, in that it strikes Defendant's answer. *See Adair v. Adair*, 62 N.C. App. 493, 495, 303 S.E.2d 190, 192 ("An interlocutory order is appealable if it affects some substantial right claimed by the appellant and if it will

---

[3] Defendant does not challenge this finding by the trial court, and it is thus binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) ("Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal.").

work injury if not corrected before final judgment."), *disc. review denied*, 309 N.C. 319, 307 S.E.2d 162 (1983). Indeed, "[o]rders of this type have been described as affecting a substantial right." *Essex Grp., Inc. v. Express Wire Servs., Inc.*, 157 N.C. App. 360, 362, 578 S.E.2d 705, 707 (2003); *see also Adair*, 62 N.C. App. at 495, 303 S.E.2d at 192. Accordingly, Defendant has a right to immediate appeal from the trial court's order.

## Discussion

Defendant contends that the trial court's order imposing sanctions was based upon several erroneous findings, including that Plaintiffs' motion sought to sanction Defendant "specifically for failure to supplement as required under Rule 26(e)." Defendant maintains that this finding is simply "not true," and argues, among other things, that the trial court erred when it "*sua sponte*[] made additional legal arguments to grant [Plaintiffs] the relief sought." Defendant contends that this amounted to an abuse of discretion, and therefore, the order must be vacated. We agree.

Rule 26(g) of the North Carolina Rules of Civil Procedure provides:

> (g) Signing of discovery requests, responses, and objections. — Every request for discovery or response or objection thereto made by a party represented by an attorney shall be signed by at least one attorney of record in that attorney's name, whose address shall be stated. A party who is not represented by an attorney shall sign the request, response, or objection and state that party's address. The signature of the attorney or party constitutes

> a certification that the attorney or party has read the request, response, or objection and that to the best of the knowledge, information, and belief of that attorney or party formed after a reasonable inquiry it is: . . . (2) not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation . . . .
>
> If a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

N.C. Gen. Stat. § 1A-1, Rule 26(g) (2017).

In other words, "Rule 26(g) provides that when an attorney or party signs a discovery document, he certifies to the best of his knowledge that it has not been served for an improper purpose and is not unreasonably burdensome or expensive." *Turner v. Duke University*, 325 N.C. 152, 163-64, 381 S.E.2d 706, 713 (1989). "Such signature constitutes a certification parallel to that required by Rule 11," *Brooks v. Giesey*, 334 N.C. 303, 317, 432 S.E.2d 339, 347 (1993), and thus "sanctions under Rule 26(g) may be applied following Rule 11 case law." *Id.* at 318, 432 S.E.2d at 347.

In the instant case, Plaintiffs moved for mandatory sanctions "pursuant to Rule 26(g)" on the basis of Defendant's initial discovery responses, in which Plaintiffs contended that Defendant had "necessarily failed to identify all documents which pertain to" Defendant's professional and personal opinions of Plaintiffs. Plaintiffs

alleged that Defendant's response that it had no such documents was "interposed for the improper purpose of intentionally withholding a substantial cache of damaging documents, which has served to harass plaintiffs, cause unnecessary delay, and has needlessly and exponentially increased the cost of litigation." Plaintiffs reiterated this argument during the hearing on their motion, and Defendant defended against the same.

However, the trial court imposed sanctions against Defendant more than five months after the hearing, finding that Plaintiffs had filed their motion for sanctions "specifically for failure to supplement as required *under Rule 26(e).*" (Emphasis added). The trial court concluded that Defendant failed to supplement its discovery responses as required under Rule 26(e), and struck Defendant's answer on that basis. The effect of the trial court's erroneous finding is significant and requires that the sanctions be vacated.

It is well established that "the [party] against whom sanctions are to be imposed must be advised in advance of the charges against [it]." *Griffin v. Griffin*, 348 N.C. 278, 280, 500 S.E.2d 437, 439 (1998). While North Carolina does not require notice of the precise *type* of sanctions sought, a party is nevertheless entitled to "(1) notice of the bases of the sanctions and (2) an opportunity to be heard" thereon. *Egelhof v. Szulik*, 193 N.C. App. 612, 616, 668 S.E.2d 367, 370 (2008).

For example, in *Griffin*, "Charles Henderson had been given notice by the Bullocks that they would seek to have sanctions imposed upon him for filing a petition for an adoption." *Griffin*, 348 N.C. at 279-80, 500 S.E.2d at 438. "After the hearing, the court did not impose sanctions for the filing of the adoption petition"; instead, it "impose[d] sanctions for the filing of pleadings for which Mr. Henderson had not received notice that such sanctions would be sought." *Id.* at 280, 500 S.E.2d at 438. Our Supreme Court concluded that this was error:

> It is not adequate for the notice to say only that sanctions are proposed. The bases for the sanctions must be alleged. In this case, the notice actually misled Mr. Henderson as to what sanctions would be imposed. Mr. Henderson was notified that sanctions were proposed for filing the adoption proceeding, but sanctions were imposed for something else. The fact that the court made detailed findings of fact in the order for sanctions is not adequate. *In order to pass constitutional muster, the person against whom sanctions are to be imposed must be advised in advance of the charges against him.*

*Id.* at 280, 500 S.E.2d at 439 (emphasis added) (citations omitted). Accordingly, our Supreme Court ordered that the sanctions imposed without notice be vacated. *Id.*

Similarly, in this case, Defendant was not advised, prior to the hearing, that it might be sanctioned for failure to supplement its discovery responses pursuant to Rule 26(e); wholly absent from Plaintiffs' motion was any contention that Defendant

should be sanctioned on that basis.[4] Plaintiffs' motion instead sought sanctions for a violation of Rule 26(g), and the substance of the parties' arguments at the hearing reflected the same. The mere fact that the parties made scattered references at the hearing to Defendant's "ongoing obligation" to supplement its discovery responses under Rule 26(e) does not demonstrate that Defendant received proper notice that sanctions might be imposed on that basis. *See id.* ("The fact that Mr. Henderson participated in the hearing and did the best he could do without knowing in advance the sanctions which might be imposed does not show a proper notice was given.").

Accordingly, in light of the lack of notice provided, we agree with Defendant that the trial court's order imposing sanctions for a violation of Rule 26(e) must be vacated and remanded for entry of an order that is consistent with the grounds upon which Plaintiffs moved to strike Defendant's answer.[5]

---

[4] Plaintiffs' Rule 9(b)(5) supplement filed with this Court contains what purports to be a two-page excerpt from its "Brief in Support of Motion for Discovery Sanctions to Strike Answer," in which Plaintiffs argue that "[a]ssuming *arguendo*, that [Defendant']s verifications about the existence of the [professional and personal opinion documents] were accurate when made to the best of its knowledge at the time," Defendant still "failed to supplement its prior discovery responses pursuant to Rule 26(e)(2)." However, the excerpt indicates that the brief was signed on the same date as the hearing, and there is no certificate of service or other indication that Defendant received notice of this basis for sanctions prior to the hearing. Nor does the brief contain a file stamp demonstrating that it was filed with the trial court. In fact, at the hearing, the presiding judge commented to Plaintiffs that he did not have briefs.

[5] During oral arguments before this Court, Plaintiffs contended that Defendant has abandoned any argument concerning notice because it did not raise that issue in its brief. *See* N.C.R. App. P. 28(a) ("Issues not presented and discussed in a party's brief are deemed abandoned."). Indeed, Defendant did not specifically phrase its challenges to the trial court's order in terms of "notice." Defendant did, however, argue the following:

[The trial court] found that [Defendant] had failed to

## Conclusion

For the foregoing reasons, we vacate the trial court's 21 March 2018 order sanctioning Defendant by striking its answer and remand for the trial court to address the grounds for which the instant proceeding was initiated—that is, whether the trial court is mandated pursuant to Rule 26(g) to impose sanctions against Defendant for its initial certification that it possessed no documents pertaining to its

---

supplement its response to [Interrogatory] 7 under Rule 26(e) . . . and therefore sanctioned it pursuant to Rule 37. [Plaintiffs], however, *never moved the Court to exercise its discretionary authority to sanction [Defendant]. Instead, [Plaintiffs] moved for mandatory sanctions under Rule 26(g). . . .*

Instead of ruling on the appropriateness of [Plaintiffs'] motion for mandatory sanctions under Rule 26(g), [the trial court] found as fact that "[Plaintiffs] filed the 21 September 2017 Motion seeking to sanction [Defendant] for discovery violations, specifically for failure to supplement as required under Rule 26(e) . . . ." *Nowhere in [Plaintiffs' motion] is there any reference whatsoever to Rule 26(e). The only reference to supplementation made by [Plaintiffs] was at [the hearing] in relation to the argument for mandatory sanctions under Rule 26(g). Rules 26(g) and 26(e) are fundamentally different from one another . . . .*

Thus, [the trial court] either (1) declined to grant [Plaintiffs] relief on the grounds they requested and, *sua sponte*, made additional legal arguments to grant them the relief sought[,] or (2) [the trial court] fundamentally misunderstood the motion that [it] granted. Such a grave overreach or misapprehension of the matters before the Court cannot be considered anything but an abuse of discretion, particularly in light of the drastic sanction it ultimately led to in this matter.

(Emphases added) (original alterations omitted). Despite the omission of the word "notice," it is nevertheless clear that the substance of Defendant's argument is a challenge to the lack of notice of the grounds upon which the trial court imposed sanctions, albeit phrased in terms of abuse of discretion.

professional or personal opinions of Plaintiffs, in response to Interrogatory 7 and Request 7.

VACATED AND REMANDED.

Judges STROUD and INMAN concur.